UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDY S. HEATH,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM J. STOVER and RYAN HENNING,<br><br>    Defendants,<br><br>and<br><br>MAXINE M. HALE,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>KEN OBERLOHR and AMERICAN FAMILY INSURANCE COMPANY,<br><br>    Third-Party Defendants. | Case No. 18-cv-1922-JPG-DGW |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following jurisdictional defects in the Notice of Removal (Doc. 1) filed by third-party defendants American Family Mutual Insurance Company and Ken Oberlohr:

- **Removal by Third-Party Defendant.** Generally, a third-party defendant may not remove a case based on claims in a third-party complaint. *See Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003).

- **Failure to allege a federal question under 28 U.S.C. § 1331.** Even if a third-party defendant could remove a case based on claims in a third-party complaint, the third-party complaint in this case does not allege any cause of action arising under the Constitution, laws or treaties of the United States. Instead, it alleges a negligence cause of action that invokes a federal regulation to provide the standard of care. State tort causes of action such as negligence that are based on the violation of a federal standard do not "arise under" federal law for purposes of federal question jurisdiction unless federal law provides a private cause of action. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986); *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994).

The Court hereby **ORDERS** third-party defendants American Family Mutual Insurance Company and Ken Oberlohr to **SHOW CAUSE** on or before November 2, 2018, why this case should not be remanded for lack of subject matter jurisdiction. Failure to respond to this order may result in remand of this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: October 17, 2018**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**