UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDY S. HEATH, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM J. STOVER and RYAN HENNING, <br><br> Defendants, <br><br> and <br><br> MAXINE M. HALE, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> KEN OBERLOHR and AMERICAN FAMILY INSURANCE COMPANY, <br><br> Third-Party Defendants. | Case No. 18-cv-1922-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the response (Doc. 14) of third-party defendants American Family Mutual Insurance Company ("American Family," misnamed as American Family Insurance Company) and Ken Oberlohr to the Court's October 17, 2018, order to show cause why this case should not be remanded for lack of subject matter jurisdiction (Doc. 9). Plaintiff Wendy S. Heath has filed an "objection" to removal (Doc. 16), which the Court construes as a reply to the third-party defendants' response.

**I.    Procedural History**

Heath originally filed this case in the Circuit Court for the First Judicial Circuit, Union County, Illinois. She alleges that a semi-tractor driven by defendant William J. Stover collided

with the vehicle she was driving and injured her. She asserts that defendants Maxine M. Hale and Ryan Henning are liable as Stover's employers, and further that Hale is liable for wrongfully entrusting to Stover and Henning the semi-tractor inadequately insured for interstate commerce as required by federal regulations, specifically, 49 C.F.R. § 387.9.

In April 2018, Hale brought a third-party claim against American Family, the insurer of the semi-tractor, and its agent Oberlohr based on Oberlohr's alleged negligent failure to procure an adequate insurance policy. In September 2018, Hale amended her third-party complaint to change some of the language pled but left the nature of the claim essentially unchanged: that Oberlohr negligently failed to obtain an adequate American Family insurance policy to cover the semi-tractor.

In October 2018, American Family and Oberlohr removed this case from state court based on alleged federal question presented in the third-party complaint. Upon review of the newly removed case, the Court issued a rule to show cause, noting that, generally, a third-party defendant may not remove a case based on claims in a third-party complaint,. *See Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003). The Court further noted that the third-party complaint, upon which removal was premised, failed to allege a federal question but rather alleged a state cause of action for which federal law provides the standard of care. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986); *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994). It ordered American Family and Oberlohr to show cause why the Court should not remand the case to state court in light of these legal principles.

American Family and Oberlohr argue in their response to the order to show cause that they properly removed this case under 28 U.S.C. § 1441(c)[1] because the third-party claim is

---

[1] In their notice of removal, American Family and Oberlohr cite 28 U.S.C. § 1441(b), which provides for removal of an action over which the Court has diversity jurisdiction. However, it is

2

separate and independent from Heath's original claims and is a claim over which the Court has original jurisdiction. They propose the Court then sever and remand Heath's original claims to state court. In her reply, Heath argues that American Family and Oberlohr waited too long to remove this case because they filed their notice of removal more than 30 days after first learning of the federal regulation at issue in the third-party complaint.

## II.    Analysis

The removal provision on which American Family and Oberlohr rely for federal jurisdiction states:

> **Joinder of Federal law claims and State law claims.--(1)** If a civil action includes—
>
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). In other words, generally a defendant may remove a case that includes a federal question claim paired with a non-removable claim or a claim that is not part of the same case or controversy as the original claim, but the Court should only keep the federal question claim and remand the rest.

American Family and Oberlohr stumble on the first requirement—that this action include

---

clear from the notice itself that they were relying on their belief that the third-party complaint presented a federal question. Their response to the Court's order to show cause confirms this interpretation.

3

"a claim arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1)(A). As noted in the Court's order to show cause, state tort causes of action such as negligence that are based on the violation of a federal law, regulation or standard do not "arise under" federal law for purposes of federal question jurisdiction unless federal law provides a private cause of action for such a violation. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (holding "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331."); *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994).

Here, the third-party claims are actually state law causes of action for negligence ("Defendant Oberlohr's failure to procure a policy of insurance that at least meets the basic requirements of federal law was negligent and a breach of Defendant Oberlohr's duty to exercise ordinary care and skill in procuring the insurance coverage. . . .:" Am. Third-Party Compl. ¶ 10), or for a declaratory judgment ("[T]o the extent that Maxine Hale incurs a judgment in excess of $100,000.00 and up to the required legal liability limit minimum of $750,000.00, the Third-Party Defendants should be liable to Maxine Hale for the amount of the judgment." Am. Third-Party Compl. ¶ 15). Those claims look to a federal regulation to provide a standard, and deciding those claims will require interpretation of that federal regulation. However, as *Merrell Dow* instructs, that is not enough to make them "arise under" that regulation for jurisdictional purposes where Congress has not created a private remedy, *see Merrell Dow*, 478 U.S. at 817, and American Family and Oberlohr have not convinced the Court Congress intended to do so.

American Family and Oberlohr point to a handful of cases in which federal courts have considered the regulation at issue in this case. However, those cases have considered the regulation where the Court was exercising original diversity, as opposed to federal question, jurisdiction, or they are district court cases that are not persuasive to this Court.

**III. Conclusion**

Because American Family and Oberlohr have not convinced the Court that removal is proper under 28 U.S.C. § 1441(c), the Court **REMANDS** this case for **lack of jurisdiction** to the Circuit Court for the First Judicial Circuit, Union County, Illinois. Because the Court finds it does not have subject matter jurisdiction to hear this case, it need not consider the other legal points raised by the parties.

**IT IS SO ORDERED.**
**DATED: December 21, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**